WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Michael V. Leggins,

    Petitioner,

vs.

David Duncan,

    Respondent.

No. CV 09-362-TUC-CKJ (CRP)

**ORDER**

On August 27, 2010, Magistrate Judge Charles R. Pyle issued a Report and Recommendation (Doc. 10) in which he recommended that this Court deny, with prejudice, Petitioner's Petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody. The magistrate judge advised the parties that any objections were to be filed and served within 14 days after being served with a copy of the Report and Recommendation. Report and Recommendation (Doc. 10) at 11. Petitioner then filed an objection on September 15, 2010. Objection to the Report and Recommendation (Doc. 11).

I. *Report and Recommendation – Preliminary Issues*

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Further, under 28 U.S.C. § 636(b)(1), if a party makes a timely objection to a magistrate judge's recommendation, then this Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." The statute does not "require [] some lesser review by [this Court] when no objections are filed." *Thomas*

*v. Arn*, 474 U.S. 140, 149-50, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).  Rather, this Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection."  *Id.* at 149.[1]

In this case, Petitioner has objected to specific portions of the Report and Recommendation.  As to those portions not objected to, the Court has reviewed the Report and Recommendation and finds that those portions are well-taken.  The Court will adopt those portions of the Report and Recommendation.  Additionally, the Court specifically incorporates the factual and procedural background as set forth by the magistrate judge and, therefore, will not repeat it here.

II. *Whether Case Was Properly Referred to the Magistrate Judge*

Petitioner also argues that the magistrate judge did not have authority to issue the Report and Recommendation, citing 28 U.S.C. § 636(b)(1)(B) as support for his assertion.  Objection to the Report and Recommendation (Doc. 11) at 4-5.  It is true, as Petitioner states, that an order from the Court must precede the involvement of a magistrate judge in this matter.  U.S. Dist. Ct Rules D. Ariz; LRCiv 72.1-72.2.  However, the Court did previously "refer [this matter] to Magistrate Judge Charles R. Pyle pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation."  Order 08/20/2009 (Doc. 3) at 3.[2]  The matter, therefore, was properly referred to the magistrate judge.

---

[1] The Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed.  *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir.2003) (discussing the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D.Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection.").

[2] The Court's docket shows that a copy of this Order was mailed to Petitioner on 08/25/2009.

1  III. *Analysis by Magistrate Judge*

2  The Court finds the magistrate judge's analysis was proper regarding Petitioner's Due Process claim. The magistrate judge found that the BOP was not required to provide Petitioner with any notice, a hearing, or an opportunity to present a response prior to classifying him with a management variable of greater security (MGTV). Report and Recommendation (Doc. 10) at 8. The magistrate judge cites several authoritative decisions, which establish that an inmate does not have a right to due process in his prison classification, and that an inmate may not have a liberty interest that triggers due process protections regarding the institution to which he may be transferred.

First, the Supreme Court has stated that Congress delegated to prison officials "full discretion regarding matters of prison classification in the federal system." *Id.* at 9 (citing *Moody v. Daggett*, 429 U.S. 78, 88 n. 9, 97 S.Ct.274, 279 n. 9, 50 L.Ed.2d 236 (1976)); *see also Schroder v. McDonald*, 55 F.3d 454 (9th Cir. 1995). Second, the Supreme Court has held that a state prisoner's transfer to a less favorable institution without the prisoner receiving an adequate fact-finding hearing does not in itself deprive the prisoner of liberty without due process of law. *Meachum v. Fabo*, 427 U.S. 215, 225, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976). Related to this holding, the Court has asserted that it would not go so far as to find a liberty interest when institutional transfers are made for a variety of reasons including institutional security or safety and welfare of the inmate. *Id*. Third, the Ninth Circuit has held that inmates do not have a constitutional right to a particular classification status. *Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987) (citing *Moody*, 429 U.S. at 88 n. 9, 97 S.Ct. at 279 n. 9).

The BOP was granted wide discretion by Congress and the Attorney General to create and maintain a prisoner classification system; and, the BOP created Program Statement 5100.08 as a guideline for classifying inmates within the system. The magistrate judge found that prison officials complied with P.S. 5100.08 when it classified Petitioner. Report and Recommendation (Doc. 10) at 9. Further, the magistrate found - consistent with Supreme Court and Ninth Circuit holdings - that Petitioner is not entitled to due process

1 procedural protections because of his inability to access community based rehabilitative 2 programs in a lower security prison as a result of his placement in a higher security prison. 3 *Id.* at 10.

4       Petitioner responds to the magistrate judge's Report and Recommendation by re-5 asserting that he has the right to notice, a hearing, and opportunity to respond to a change 6 in his classification because: 1) 28 C.F.R. § 524.11(b)(1) guarantees an inmate 48 hours 7 notice before any change in classification; and 2) Program Statement 5322.12 guarantees 8 the inmate an opportunity to respond to his classification.  Objection to the Report and 9 Recommendation (Doc. 11) at 2-4.  However, the magistrate judge was correct in finding 10 that Petitioner confuses 28 C.F.R. § 524.11(b)(1) to mean he must receive notice before any 11 change in classification.  Report and Recommendation (Doc. 10) at 11.  28 C.F.R.§ 12 524.11(a)(2) requires that, after initial classification, an inmate receive a program review at 13 least once every 180 calendar days. 28 C.F.R. § 524.11(b)(1) requires that an inmate receive 14 48 hour notice prior to any meeting at which he is scheduled to appear before his 15 classification team.  The magistrate correctly found that this regulation does not require 16 prison staff to provide Petitioner with notice or a hearing prior to staff requesting that the 17 Designation and Sentence Computation Center (DSCC) apply an MGTV to Petitioner's 18 custody classification.

19       Petitioner cites P.S. 5322.12(3)(c) to support his due process claim. P.S. 5322.12(3) 20 defines the program objectives for all of P.S. 5322.12.  Program Statement 5322.12, in 21 general, has the purpose of "provid[ing] policy and procedure for the classification and 22 subsequent review of the security, custody and program needs of inmates who have been 23 designated for service of sentence."P.S. 5322.12(1).  Within the "Program Objectives" 24 section, P.S. 5322.12(3)(c) states that one of "[t]he expected results of this Program 25 Statement [is that] [a]ll inmates will have the opportunity to communicate directly with the 26 staff who make classification, custody and program review decisions." However, Petitioner 27 confuses this guideline to mean that it guarantees him a right to respond to his change in 28 classification.  While P.S. 5322.12(3)(c) expects that direct communication will occur

between inmates and staff who make classification decisions, the language of the guideline does not guarantee inmates an opportunity to respond to changes in classification when prison staff request that DSCC apply an MGTV to an inmate's custody classification.

Petitioner also cites P.S. 5322.12(7) to support his assertion that he was entitled to notice and opportunity to respond prior to a change in his classification. The relevant portion of P.S. 5322.12(7) states that, at a minimum, an inmate's classification team must be comprised of the inmate's Unit Manager, a Case Manger, and a Correctional Counselor. In addition, an Education Advisor and Psychology Services representative may also be members of the team. This section has two functions: 1) it defines the staff members who make up the inmate's classification team; and 2) it defines the roles performed by the Education Advisor and the Unit Psychologist within the classification team. Petitioner seems to suggest that, read in conjunction with P.S. 5322.12(c)(3), this section provides an inmate with the opportunity to respond to changes in his classification in front of staff who make up his classification team. While P.S. 5322.12(7) defines the composition of an inmate's classification team, and P.S. 5322.12(3)(c) expects direct communication between inmates and staff members who make these classification decisions, these sections together do not guarantee an inmate an opportunity to respond to changes in classification when prison staff request that DSCC apply an MGTV to an inmate's custody classification.

IV. *Certificate of Appealability ("COA")*

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "[A] substantial showing of the denial of a constitutional right . . . includes showing that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). *See also Turner v. Calderon*, 281 F.3d 851, 865 (9th Cir. 2002). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's

- 5 -

underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The magistrate judge determined, and this Court accepted, that the Petitioner does not have a due process right to notice, hearing, and an opportunity to respond to changes in his classification when prison staff request that DSCC apply an MGTV to his custody classification. The Court finds that jurists of reason would not find it debatable whether the Petition stated a valid claim of the denial of a constitutional right. A COA shall not issue as to Petitioner's claims.

Accordingly, IT IS ORDERED:

1. The Report and Recommendation (Doc. 10) is ADOPTED.

2. The Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 is DENIED.

3. The Court declines to issue a certificate of appealability.

4. The Clerk of the Court shall enter judgment and shall then close its file in this matter.

DATED this 23rd day of November, 2010.

_____
Cindy K. Jorgenson
United States District Judge